**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **11-04296-jw**

## Order

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/22/2012**



*/s/ John E. Waites*
Chief US Bankruptcy Judge
District of South Carolina

Entered: 06/22/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| In re:<br><br>James Phillip Quint,<br><br>    Debtor. | Case No.  11-04296-jw<br><br>Chapter  13<br><br>**ORDER**<br><br>**(1) AUTHORIZING SPECIAL ADMINISTRATOR TO ACT ON BEHALF OF DECEASED DEBTOR AND ADMINISTER THE ESTATE,**<br>**(2) DENYING MOTION TO CONVERT, AND**<br>**(3) DIRECTING THAT THE CASE WILL REMAIN ASSIGNED TO THE UNDERSIGNED JUDGE UPON CONVERSION** |

This matter comes before the Court upon the motion (the "Motion") filed on May 14, 2012 by Barron Elsenpeter, Special Administrator appointed by the Probate Court of Marlboro County (the "Special Administrator") to represent the estate and interests of the deceased debtor, James Phillip Quint (the "Debtor"), seeking (i) authorization to represent the Debtor in this matter and continue to administer the Debtor's estate; and (ii) conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.[1]  No parties objected to the Motion.  The Court conducted a hearing on the Motion on June 7, 2012.

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.  Based upon the filings of the parties in this matter, the Debtor's filed schedules and statement of financial affairs, the Debtor's confirmed Chapter 13 plan, and the arguments and statements of counsel at the hearing, the Court makes the following findings of

---

[1] Further citations to sections of the United States Bankruptcy Code (11 U.S.C. § 101, et seq.) shall be by the cited section number only.

fact and conclusions of law:[2]

## FINDINGS OF FACT

1. The Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 7, 2011.

2. On September 15, 2011, the Court confirmed the Debtor's Chapter 13 plan.

3. The Debtor died on April 1, 2012.

4. On May 14, 2012, Debtor's counsel filed the Motion on behalf of the Special Administrator. All of the Debtor's creditors, the Chapter 13 Trustee, and the United States Trustee received notice of the Motion and the hearing on the Motion. No party filed an objection to the Motion.

5. The court held a hearing on the Motion on June 7, 2012.

## CONCLUSIONS OF LAW

When a debtor dies during the pendency of his or her bankruptcy case, it is unclear how the case will proceed in the future or what procedure parties should follow upon such death. Pursuant to Fed. R. Bankr. P. 1016, when a chapter 13 debtor dies, the "case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure do not define what constitutes the "administration" of a case and nothing contained therein addresses whether a debtor's estate may convert a debtor's case from Chapter 13 to Chapter 7.

In an effort to comply with the suggested procedures set forth in a recent opinion by another judge in this District, the Special Administrator filed the Motion, which provided notice

---

[2] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are so adopted.

of the Debtor's death and sought authorization for the Special Administrator to, among other things, assume the Debtor's duties under the Bankruptcy Code and continue to administer the estate. See In re Vetter, No. 11-03988-dd, slip op., at 5 (Bankr. D.S.C. May 7, 2012) ("upon the death of a debtor, counsel for a deceased debtor should ordinarily promptly notify the Court of the debtor's death and file a motion for designation of an appropriate person to act on the debtor's behalf"). In the Motion, Debtor's counsel represented that further administration of the case was possible and in the best interest of all parties in interest. Based on the representations made by Debtor's counsel in the Motion, the absence of any objection to the Motion, and the adequacy of the notice of both the Motion and the hearing on the Motion, the Court finds that the authorization of the Special Administrator for case administration is warranted.

The Court also recognizes that the Special Administrator may determine that the appropriate steps for purposes of future case administration require seeking conversion of this case to a case under Chapter 7 or, in the alternative, a discharge on behalf of the Debtor pursuant to § 1328(b).[3] Therefore, to the extent necessary, the Court finds that any request by the Special Administrator to either convert the case or seek a discharge pursuant to § 1328(b) is within the scope of the authority granted to the Special Administrator under this Order.

The Motion also sought to presently convert the case from Chapter 13 to Chapter 7. Although this Court has not expressly addressed the issue of whether a Chapter 13 may be converted to a case under Chapter 7 following the death of a debtor, as a matter of law, it recognizes that other courts have held that conversion is impermissible.[4] While the Court cannot

---

[3] Previously in this District, in the case of a deceased debtor's whose case was not jointly administered, this Court frequently allowed conversion of a case from Chapter 13 to Chapter 7 or granted a hardship discharge pursuant to § 1328(b) under certain circumstances without objection.

[4] See Matter of Jarrett, 19 B.R. 413, 414 (Bankr. M.D.N.C. 1982) (conversion denied because the decedent's estate failed to meet the definition of "person" pursuant to former § 1307(f)). See also In re Spiser, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999) (citing Jarrett) (a probate estate is not a "debtor" eligible to convert the case to Chapter 7 under § 1307(a)); In re Erickson, 183 B.R. 189, 194 n. 14 (Bankr. D. Minn. 1995) (citing Jarrett, the

ignore the absence of an objection to the Motion, particularly when all parties in this case, including the Chapter 13 Trustee and United States Trustee, received notice of both the Motion and the hearing on the Motion, the record before the Court is insufficient at this time to support the Special Administrator's claim that conversion is permissible.[5]  Therefore, the Court denies the Special Administrator's present request for conversion at this time without prejudice.

However, if the Special Administrator determines at a later date that a sufficient legal basis exists to convert this case to a case under Chapter 7 and such conversion is in the best interests of the parties in this case, the Special Administrator may renew his request to convert the case.

## **CONCLUSION**

Based on the foregoing, it is hereby ORDERED that:

(1) The Motion is granted with respect to the Special Administrator's request for authorization to represent the Debtor and administer the Debtor's estate in this matter, which shall include filing a motion for a discharge on behalf of the Debtor pursuant to § 1328(b) or seeking conversion of this case to a case under Chapter 7.[6]

---

bankruptcy court noted that conversion from Chapter 12 to Chapter 7 was not available to a debtor's probate estate as debtor's proffered successor); In re Estate of Joseph Brown, 16 B.R. 128 (Bankr. D.C. 1981) (an insolvent probate estate was not entitled to relief under Chapter 7 because such estate was not an individual person within the definition of § 101(30)).

[5] See In re Hancock, No. 08-11867, 2009 WL 2461167, at * 3 (Bankr. N.D. Okla. Aug. 10, 2009) (even without deciding the issue of whether conversion from Chapter 13 to Chapter 7 was an option under Fed. R. Bankr. P. 1016 after a debtor's death, the bankruptcy court denied the request to convert because the party seeking relief failed to establish that conversion was in the best interests of the parties under Fed. R. Bankr. P. 1016).

[6] This Court has previously granted a hardship discharge to a deceased debtor pursuant to § 1328(b). See In re Herbert Eugene Bradley, No. 09-01990-JW (Bankr. D.S.C.  June 22, 2011) (order granting hardship discharge); In re Benjamin Washington, No. 04-08561-JW (Bankr. D.S.C. Dec. 4, 2009) (same).  Other courts have also granted a hardship discharge in similar circumstances.  See In re Graham, 63 B.R. 95 (Bankr. E.D. Pa. 1986) (order granting hardship discharge); In re Bond, 36 B.R. 49 (Bankr. E.D.N.C. 1984) (hardship discharge for a deceased debtor was appropriate where debtor made all plan payments until time of death and dismissal would have resulted in deceased's minor children receiving nothing under North Carolina probate laws).  See also Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 353.1, at ¶6, Sec. Rev. June 17, 2004, www.Ch13online.com ("The death or incompetency of the debtor after confirmation may be grounds for a hardship discharge").

(2) The Motion is denied without prejudice to the extent the Special Administrator seeks to presently convert this case to a case under Chapter 7 at this time.  However, this Order shall not preclude the Special Administrator from seeking conversion of this case to a case under Chapter 7 at a later date.

(3) **If this case is converted to a case under Chapter 7 at any time, this case shall remain assigned to the above-signed Judge.**

**AND IT IS SO ORDERED.**